KAMALA D. HARRIS
Attorney General of California
ELIZABETH S. ANGRES
Supervising Deputy Attorney General
GARY OSTRICK
Deputy Attorney General
State Bar No. 211031
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 897-8055
 Facsimile:  (213) 897-2810
 E-mail:  Gary.Ostrick@doj.ca.gov

Attorneys for the State of California, acting
by and through the California Highway
Patrol and the Medical Board of California

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT S. MARKMAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>RACHEL LASOTA, et al.,<br><br>                    Defendants. | Case No. 2:15-cv-03335-DDP-KLS<br><br>**STATE OF CALIFORNIA'S, ACTING BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL AND THE MEDICAL BOARD OF CALIFORNIA, MOTION TO DISMISS PLAINTIFF ROBERT MARKMAN'S COMPLAINT**<br><br>Judge:            Karen L. Stevenson<br>Courtroom:    24<br><br>Date:             October 20, 2015<br>Time:             10:00 a.m.<br><br>Trial Date      Not set yet<br>Action Filed: May 4, 2015 |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 20, 2015, at 10:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 24 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California, 90012, Defendant State of California, acting by and through the California Highway Patrol (CHP) and the Medical Board of California (Medical Board), will and hereby does move this Court for an order dismissing with prejudice all alleged causes of action under federal and state law in Plaintiff Robert S. Markman's Complaint against the CHP and the Medical Board on the grounds that:

1. The CHP and the Medical Board are immune to suit in federal court under the Eleventh Amendment of the United States Constitution.

2. The CHP and the Medical Board are not "persons" who may be sued under Title 42, United States Code section 1983.

3. The CHP and the Medical Board are immune to Plaintiff's causes of action alleged under California state law under the Eleventh Amendment of the United States Constitution.

The State's motion to dismiss is brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). It is based upon this notice of motion, the attached memorandum of points and authorities, the accompanying declaration of Gary Ostrick, all pleadings and records on file in this action, and on such further authority, evidence, or argument as may be presented at or before the time of any hearing on this motion. This motion is made following a meet and confer letter mailed by Defendants' counsel on August 27, 2015, and a conference between Plaintiff and Defendants' counsel which took place on September 1, 2015.

| | | |
|---|---|---|
| 1 | Dated: September 4, 2015 | Respectfully submitted, |
| 2 | | KAMALA D. HARRIS<br>Attorney General of the State of California |
| 3 | | ELIZABETH S. ANGRES<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | By: /s/ Gary Ostrick<br>GARY OSTRICK<br>Deputy Attorney General |
| 6 | | Attorneys for the State of California, acting by and through the California Highway Patrol and the Medical Board of California |

2

MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Robert Markman has sued the California Highway Patrol (CHP), the Medical Board of California (Medical Board), seven of their current and former employees, and persons associated with the College Hospital of Cerritos for events that primarily occurred in May 2014. These events arise from Markman's appearance for a Medical Board probation hearing while wearing only his underwear in public, his subsequent detention by CHP officers, and his psychological evaluation at the College Hospital of Cerritos. He has not alleged any bases for liability against the CHP and the Medical Board other than vicarious liability based on the alleged acts of their employees. Regardless of the factual disputes between Markman and the defendants concerning their alleged acts, Markman has improperly sued the CHP and the Medical Board in this action as a matter of law.

Markman's lawsuit alleges twelve (12) causes of action under federal and state law and seeks damages and retrospective relief only. He has brought his First, Fifth, Sixth, and Eighth through Twelfth causes of action against "all defendants," which presumably includes the CHP and the Medical Board. These causes of action against the CHP and the Medical Board are barred as a matter of well-established law because: (1) the CHP and the Medical Board are agencies of the State of California; thus, Markman's causes of action against them are barred by the Eleventh Amendment of United States Constitution in federal court, (2) the CHP and the Medical Board are not considered "persons" who can be sued under Section 1983, and (3) his claims under California law may not be pursued against these state agencies in federal court even under supplemental or pendent jurisdiction. These defects in Markman's claims against the CHP and the Medical Board cannot

be cured by amendment. Therefore, the CHP and the Medical Board request that the Court dismiss them with prejudice from this lawsuit.

## II.
## MARKMAN'S COMPLAINT AGAINST THE CHP AND THE MEDICAL BOARD SHOULD BE DISMISSED WITH PREJUDICE

### A.   The Standard of Review for a Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Markman's claims against the State of California, acting by and through its agencies the CHP and the Medical Board, should be dismissed pursuit to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the allegations in the complaint are challenged as insufficient on their face, and the Court must assume that the factual allegations in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Facial assessment of Markman's complaint shows that this Court lacks subject matter jurisdiction for his pursuit of his causes of action against the CHP and the Medical Board.

Similarly, dismissal of the CHP and the Medical Board is appropriate pursuant to Rule 12(b)(6) because Markman cannot state any viable cause of action against them. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Dismissal under Rule 12(b)(6) is proper when a complaint either: "(1) lacks a cognizable legal theory, or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Review is generally limited to the contents of the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court "must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." *Shwarz v. United*

*States*, 234 F.3d 428, 435 (9th Cir. 2000).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The allegations in the complaint "must be enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555.  Furthermore, the Court should not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at 988.  Overall, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Somers*, 729 F.3d at 959 (quoting *Iqbal*, 556 U.S. at 678).  Based on these standards, Markman's allegations against the CHP and the Medical Board fail to "nudge[] [his] claims across the line from conceivable to plausible[,]" and they should be dismissed. *Twombly*, 550 U.S. at 570.

**B.   Markman's Causes of Action Against the CHP and the Medical Board Are Barred Because They Are Immune to These Claims Under the Eleventh Amendment of the United States Constitution.**

Markman's causes of action against the State, including the CHP and the Medical Board, are barred by the Eleventh Amendment of the United States Constitution.  The Eleventh Amendment bars the extension of the judicial power of the federal courts "to any suit in law or equity" commenced or prosecuted against

one of the States.[1] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97 (1984). The Eleventh Amendment bars suits against a State in federal court by citizens of the same State as well as by citizens of another state. *Id.* at 98 (citing *Hans v. Louisiana*, 135 U.S. 1 (1890)), 100 (quoting *Employees v. Missouri Public Health & Welfare Dep't*, 411 U.S. 279, 280 (1973)). It further proscribes a suit against the State or one of its agencies absent the consent of the State. *Id.* at 100; *Papasin v. Allain*, 478 U.S. 265, 276 (1986).

Moreover, sovereign immunity under the Eleventh Amendment of the United States Constitution bars the application of Section 1983 causes of action against States. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-67 (1989); *see also Dittman v. State of California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (holding that agencies of the state are immune from private damage actions in federal court); *Mitchell v. Los Angeles Cmty. College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989) (holding state entity has Eleventh Amendment immunity to Sections 1981, 1983, and 1985 claims). Furthermore, the jurisdictional bar of the Eleventh Amendment applies regardless of the nature of the relief sought. *See, e.g.*, *Pennhurst*, 465 U.S. at 100; *Krainski v. State of Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010). This Eleventh Amendment immunity to either damages or injunctive relief extends to state instrumentalities and agencies, such as the CHP and the Medical Board. *Krainski*, 616 F.3d at 967; *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995).

The "State" is defined by California law to include its departments and agencies. Cal. Gov't Code §§ 900.6, 11000(a). The CHP is defined under California law as being a department within the Transportation Agency. Cal. Gov't

---

[1] In full, the Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state.

4

Code § 13975; Cal. Veh. Code § 2100. Its Commissioner is appointed by the California Governor with the advice and consent of the State Senate. Cal. Veh. Code § 2107. The CHP is also recognized by federal courts in California as a state agency protected by the Eleventh Amendment and immune from suit in federal court. *See, e.g., Keller v. State*, 234 Fed. Appx. 699, 699 (9th Cir. June 11, 2007) (unpub. mem.) (holding that the Eleventh Amendment immunity "clearly applies" to the CHP); *Vazquez v. CHP*, 2015 WL 1743275, at *4 (N.D. Cal. Apr. 6, 2015) (finding the CHP "absolutely immune from suit in federal court); *Raiser v. CHP*, 2014 WL 5604265, at *2 (C.D. Cal. Sept. 29, 2014) (holding the CHP is "entirely immune from suit in federal court"); *Baker v. State of Cal. Highway Patrol*, 2013 WL 4427199, at *6 (N.D. Cal. Aug. 14, 2013) (dismissing claims against the CHP because "[f]ederal courts have consistently held that the CHP is an 'arm of the state' for purposes of the Eleventh Amendment"). Because the CHP is an arm or agency of the State, Section 1983 does not apply to it.

In addition, the Medical Board is the arm of the State responsible for the licensing, regulating, and disciplining of physicians in California. *See, e.g.*, Cal. Bus. & Prof. Code §§ 101(b), 2001, 2002, 2004. Thirteen of the Medical Board's members are appointed by the Governor of California and confirmed by the State Senate, while its remaining two members are appointed by the Senate Rules Committee and the Speaker of the Assembly. *Id.* § 2001. The Medical Board is recognized as a state agency protected by the Eleventh Amendment. *Forster, M.D. v. County of Santa Barbara*, 896 F.2d 1146, 1149 (9th Cir. 1990); *Yoonessi v. Albany Med. Ctr.*, 352 F. Supp. 2d 1096, 1104 (C.D. Cal. 2005). Thus, as with the CHP, Section 1983 does not apply to the Medical Board because it is an arm or agency of the State.

**C. Markman's Section 1983 Causes of Action Are Also Barred Because Neither the CHP Nor the Medical Board Are A "Person" Liable Under Section 1983.**

Not only is the CHP and the Medical Board immune to liability under

5

Section 1983 under the Eleventh Amendment, but Markman's Section 1983 causes of action cannot be pursued against the CHP and the Medical Board because they are not considered "person[s]" liable under Section 1983 as a matter of law. Section 1983 is the vehicle by which persons sue in federal or state court "for violations of federal rights committed by persons acting under color of state law." *Howlett v. Rose*, 496 U.S. 356, 358 (1990). However, Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66. The United States Supreme Court has declared that a state is not a "person" under Section 1983. *Id.* at 65-66, 71. *Will* establishes that the State and the arms of the State are not subject to suit under Section 1983 in either federal or state court. *Howlett*, 496 U.S. at 365. As a result, neither the CHP nor the Medical Board are a "person" liable for violations of Section 1983, and Markman's causes of action against them under Section 1983 should be dismissed with prejudice. *See, e.g., Robinson v. Tripler Army Med. Ctr.*, 2009 WL 688922, at *2 (9th Cir. Feb. 13, 2009) (unpub. mem.); *Sykes v. State of California*, 497 F.2d 197, 201-02 (9th Cir. 1974) (holding the California Department of Motor Vehicles is not a 'person' within the meaning of the Civil Rights Statutes and is thus also immune from suit under Sections 1983 and 1985); *Carrea v. State of California*, 2010 WL 3984832, at *14 (C.D. Cal. Aug. 25, 2010) (holding that the California Department of Corrections and Rehabilitation is not a "person" subject to suit under Section 1983 despite its waiver of its Eleventh Amendment immunity).

**D. Markman's California State Law Causes of Action Against the CHP and the Medical Board Are Barred Even If Brought Against Them Pursuant to Pendent or Supplemental Jurisdiction.**

Markman also may not pursue any causes of action brought under California state law against the CHP and the Medical Board in federal court. As stated previously, the Eleventh Amendment bars suits against a State in federal court by citizens of the same State. *Pennhurst*, 465 U.S. at 98. "[A] claim that state officials

violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Id.* at 121. Moreover, the U.S. Supreme Court recognized, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.* at 106.

This principle of Eleventh Amendment immunity applies to state law claims brought into federal court under pendent or supplemental jurisdiction. *See id.* at 121*; see also Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006) (holding Unruh Act claim barred by state sovereign immunity); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973-74 (9th Cir. 2004) (affirming dismissal of the plaintiff's state law claims). The Supreme Court has specifically held that Title 28, United States Code section 1367(a), which provides district courts with supplemental jurisdiction over state law claims, "does not extend to claims against nonconsenting state defendants." *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541-42 (2002). As a result, the Court should find that Markman is barred from bringing suit against the State for his Eighth through Twelfth Causes of Action in federal court.

## III.

## LEAVE TO AMEND SHOULD BE DENIED AS FUTILE

A complaint can be dismissed without leave to amend when amendment would be futile. "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citations omitted). It is well established that "[f]utility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The "proper test to be applied when determining the legal sufficiency of a

1 proposed amendment is identical to the one used when considering the sufficiency
2 of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff–Sexton, Inc.*, 845
3 F.2d 209, 214 (9th Cir.1988). Therefore, the Court should assess whether the
4 proposed amendments allege "enough facts to state a claim for relief that is
5 plausible on its face." *Labrador v. Seattle Mortgage Co.*, 681 F. Supp. 2d 1106,
6 1115 (N.D. Cal. 2010) (applying the Rule 12(b)(6) standard from *Iqbal* and
7 *Twombly*).[2] The Court's dismissal of Markman's claims against the CHP and the
8 Medical Board should be with prejudice because no amendment will overcome
9 their entitlement to sovereign immunity under the Eleventh Amendment. *See, e.g.*,
10 *Smittick v. Cal. Workers Compensation Appeals Bd.*, 2010 WL 1929779, at *3
11 (C.D. Cal. May 11, 2010) (dismissing for lack of subject matter jurisdiction because
12 no amendment can cure the barring of claim by Eleventh Amendment immunity);
13 *Yoonessi*, 352 F. Supp. 2d at 1104 (holding that leave to amend would be futile
14 because "no amendment will overcome the Medical Board of California's
15 entitlement to sovereign immunity").
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

---

[2] *See also Franczak v. Suntrust Mortgage Inc.*, 2013 WL 4764327, at *2 (N.D. Cal. Sept. 5, 2013); *Williams v. County of Ventura*, 2009 WL 4110113, at *14 (C.D. Cal. Nov. 24, 2009).

## IV.

## CONCLUSION

As the foregoing demonstrates, Markman is unable to state any cause of action against the CHP or the Medical Board under Section 1983 or California state law in federal court. Thus, his complaint should be dismissed with prejudice as to all claims brought against the CHP and the Medical Board.

Dated:  September 4, 2015      Respectfully submitted,

KAMALA D. HARRIS
  Attorney General of the State of California
ELIZABETH S. ANGRES
  Supervising Deputy Attorney General

By:       /s/ Gary Ostrick
       GARY OSTRICK
       Deputy Attorney General
Attorneys for the State of California, acting by and through the California Highway Patrol and the Medical Board of California

# CERTIFICATE OF SERVICE

Case Name:   **Robert S. Markman v. Rachel LaSota, et al.**
Case No.     **2:15-cv-03335-DDP-KLS**

I hereby certify that on September 4, 2015, I electronically filed the following document(s) with the Clerk of the Court by using the CM/ECF system:

**STATE OF CALIFORNIA'S, ACTING BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL AND THE MEDICAL BOARD OF CALIFORNIA, MOTION TO DISMISS PLAINTIFF ROBERT MARKMAN'S COMPLAINT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On September 4, 2015, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, to the following non-CM/ECF participant:

> Robert S. Markman
> 18554 Frankfort Street
> Northridge, CA  91324

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 4, 2015, at Los Angeles, California.

| Virginia Gow | /s/ Virginia Gow |
|---|---|
| Declarant | Signature |