1  KAMALA D. HARRIS
   Attorney General of California
2  ELIZABETH S. ANGRES
   Supervising Deputy Attorney General
3  GARY OSTRICK
   Deputy Attorney General
4  State Bar No. 211031
    300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
    Telephone:  (213) 897-8055
6    Fax:  (213) 897-2810
    E-mail:  Gary.Ostrick@doj.ca.gov
7
   Attorneys for Defendants Rachel LaSota,
8  CHP Officer Keene, CHP Officer Tolen, and
   CHP Sergeant Waughan
9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13  ROBERT S. MARKMAN,                    Case No. CV 15-03335 DDP (KLS)

14                          Plaintiff,    **DEFENDANT CHP OFFICER
                                          KEENE'S (ERRONEOUSLY**
15            v.                          **NAMED AS KEANE) ANSWER TO
                                          PLAINTIFF'S SECOND AMENDED**
16  RACHEL LASOTA, et al.,                **COMPLAINT**

17                          Defendants.   **DEMAND FOR JURY TRIAL**

18
                                          Judge:      Dean D. Pregerson
19                                        Courtroom:  3

20
                                          Trial Date      Not set yet
21                                        Action Filed:   May 4, 2015

22

23

24

25

26

27

28

Defendant CHP Officer Keene (erroneously named in the caption as Keane) hereby answers, admits, denies, and alleges in response to the Second Amended Complaint (Complaint) of Plaintiff Robert S. Markman (Plaintiff), and asserts his affirmative defenses against Plaintiff as follows:

I.

JURISDICTION AND VENUE

1.      This allegation is not a factual allegation requiring a response under Federal Rule of Civil Procedure 8.  Nevertheless, Keene denies that he violated Plaintiff's constitutional rights or deprived him of his constitutional rights under Title 42, United States Code section 1983 (Section 1983).

2.      Keene admits the allegations in Paragraph 2 of the Complaint.

II.

GOVERNMENT CLAIMS ACT

3.      Keene admits that Plaintiff filed a Government Claim Form dated October 23, 2014, and it was designated as Claim No. G621129 by the Government Claims Program.  Keene also admits that Plaintiff's Government Claim lists him as a person against whom the claim was filed, and that Plaintiff's Government Claim was rejected on January 15, 2015.  Except as expressly admitted, Keene denies each and every remaining allegation in Paragraph 3 of the Complaint.

III.

PARTIES

4.      Keene admits, upon information and belief, the allegations in Paragraph 4 of the Complaint.

5.      Keene admits that Plaintiff has sued Rachel LaSota in her individual capacity.  Keene also admits, upon information and belief, that LaSota was an employee of the State of California at all times mentioned in Plaintiff's Complaint, and, in that capacity, she acted under the color of state law.  Keene is without sufficient knowledge or information to enable him to answer as to the truth of the

1

remainder of the allegations contained in Paragraph 5 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

6.      Keene admits that Plaintiff has sued Jeremy Tolen in his individual capacity.  Keene also admits that Officer Tolen was an officer of the California Highway Patrol at all times mentioned in Plaintiff's Complaint, and, in that capacity, he acted under the color of state law.  Except as expressly admitted, Keene denies each and every remaining allegation in Paragraph 6 of the Complaint.

7.      Keene admits that at all times mentioned in Plaintiff's Complaint he was an officer of the California Highway Patrol with the Badge No. 20727, and, in that capacity, he acted under the color of state law.  Keene also admits that he was incorrectly named in the caption of Plaintiff's Complaint as Officer Keane.  He further admits that Plaintiff's Complaint states that he is being sued in his individual capacity.  Except as expressly admitted, Keene denies each and every remaining allegation in Paragraph 7 of the Complaint.

8.      Keene admits that Plaintiff has sued Sergeant Waughan in his individual capacity.  Keene also admits that Sergeant Waughan was an officer of the California Highway Patrol at all times mentioned in Plaintiff's Complaint, and, in that capacity, he acted under the color of state law.  Keene is without sufficient knowledge or information to enable him to answer as to the truth of the remainder of the allegations contained in Paragraph 8 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

9.      Keene denies the allegations in Paragraph 9 of the Complaint.

IV.

INTRODUCTION

10.      This allegation is not a factual allegation requiring a response under Federal Rule of Civil Procedure 8.  Nevertheless, Keene denies the allegations in

2

Paragraph 10 of the Complaint and denies that Plaintiff is entitled to any compensation.

V.

FACTUAL ALLEGATIONS

11.    Keene admits, upon information and belief, that Plaintiff was a medical doctor licensed to practice medicine in the State of California at the time that he filed his Complaint.  Keene is without sufficient knowledge or information to enable him to answer as to the truth of the remainder of the allegations contained in Paragraph 11 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

12.    Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 12 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

13.    Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 13 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

14.    Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 14 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

15.    Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 15 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

16.    Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 16 of the Complaint,

3

and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

17.    Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 17 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

18.    Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

19.    Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

20. to 24.    There are no paragraphs 20 to 24 in Plaintiff's Complaint.

25.    Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 25 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

26.    Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 26 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

27.    Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 27 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

28.    Keene is without sufficient knowledge or information to enable him to

answer as to the truth of the allegations contained in Paragraph 28 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

29.     Keene admits that Plaintiff was sitting on the curb in the parking lot when he and Officer Tolen arrived, and that they took Plaintiff to College Hospital of Cerritos.  Keene affirmatively asserts that there was probable cause or reasonable suspicion for Plaintiff's detention.  Keene is without sufficient knowledge or information to enable him to answer as to the truth of the remainder of the allegations contained in Paragraph 29 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

30.     Keene admits that when he and Officer Tolen arrived at the parking lot, they spoke with Sergeant Waughan, LaSota, a deputy from the Los Angeles County Sheriff's Department, and another employee of the Medical Board before requesting that Plaintiff stand up and turn around to be handcuffed.  Keene also admits that he and Officer Tolen handcuffed Plaintiff with his arms behind his back, instead of using a bent wrist method, as an accommodation for Plaintiff's purported shoulder injury, then they put Plaintiff in their patrol vehicle.  Keene further admits that someone walked over to Plaintiff's car, but denies that they searched it.  Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 30 of the Complaint that relate to events that occurred prior to Keene's arrival on the scene.  Keene admits, upon information and belief, that LaSota was a current Medical Board probation supervisor, but is without sufficient knowledge or information to enable him to answer as to the truth of the allegation that LaSota was a former or current peace officer, and on that ground denies this allegation.  Except as expressly admitted, Keene denies each and every remaining allegation in Paragraph 30 of the Complaint.

5

31.     Keene admits that Officer Tolen spoke with LaSota, Sergeant Waughan, and other employees of the Medical Board and the Los Angeles County Sheriff's Department prior to driving with Officer Keene and taking Plaintiff to College Hospital of Cerritos.  Keene also admits that Officer Tolen filled out an Application for 72-Hour Detention for Evaluation and Treatment at College Hospital of Cerritos.  Keene is without sufficient knowledge or information to enable him to answer as to the truth of the remainder of the allegations contained in Paragraph 31 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

32.     Keene admits that Officer Tolen filled out an Application for 72-Hour Detention for Evaluation and Treatment at College Hospital of Cerritos.  Keene is without sufficient knowledge or information to enable him to answer as to the truth of the remainder of the allegations contained in Paragraph 32 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

33.     Keene admits that he and Officer Tolen handcuffed Plaintiff with his arms behind his back, instead of using a bent wrist method, as an accommodation for Plaintiff's purported shoulder injury.  Keene also admits and affirmatively asserts that Plaintiff was resisting the placement of his arms behind his back and, upon information and belief, that Plaintiff was told that he might have to be tased if he did not relax or cooperate.  Except as expressly admitted, Keene denies each and every remaining allegation in Paragraph 33 of the Complaint.

34.     Keene admits: (1) Plaintiff was detained and taken to College Hospital of Cerritos for mental health evaluation based on Section 5150, and (2) Officer Tolen completed an Application for 72-Hour Detention for Evaluation and Treatment.  Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations concerning what information LaSota provided to Officer Tolen contained in Paragraph 34 of the Complaint, and on that

6

1   ground denies those allegations in that paragraph of the Complaint not expressly

2   admitted.  Except as expressly admitted, Keene denies each and every remaining

3   allegation in Paragraph 34 of the Complaint.

4       35.    Keene admits that Officer Tolen completed an Application for 72-

5   Hour Detention for Evaluation and Treatment for Plaintiff.  Keene is without

6   sufficient knowledge or information to enable him to answer as to the truth of the

7   remainder of the allegations contained in Paragraph 35 of the Complaint, and on

8   that ground denies each and every allegation in that paragraph of the Complaint not

9   expressly admitted.

10      36.    Keene admits that Officer Tolen completed an Application for 72-

11  Hour Detention for Evaluation and Treatment for Plaintiff.  Keene is without

12  sufficient knowledge or information to enable him to answer as to the truth of the

13  remainder of the allegations contained in Paragraph 36 of the Complaint, and on

14  that ground denies each and every allegation in that paragraph of the Complaint not

15  expressly admitted.

16      37.    Keene admits that he and Officer Tolen handcuffed Plaintiff and

17  detained him to take him to College Hospital of Cerritos for a mental health

18  evaluation.  Keene affirmatively asserts that there was probable cause or reasonable

19  suspicion for Plaintiff's detention for a mental health evaluation.  Except as

20  expressly admitted, Keene denies each and every remaining allegation in Paragraph

21  37 of the Complaint.

22      38.    Keene is without sufficient knowledge or information to enable him to

23  answer as to the truth of the allegations contained in Paragraph 38 of the Complaint,

24  and on that ground denies each and every allegation in that paragraph of the

25  Complaint not expressly admitted.  However, Keene affirmatively denies that

26  College Hospital of Cerritos's staff had any statements written by him.

27      39.    Keene admits that he prepared and signed the Narrative/Supplemental

28  for the Arrest-Investigation Report concerning the incident with Plaintiff on May

29, 2014.  Keene also admits that Officer Tolen assisted him with the information contained in the Narrative/Supplemental.  Keene also admits and affirmatively asserts that although subparagraphs a. to h. are substantially similar to the contents of the Narrative/Supplemental, they do not fully and completely quote those contents nor do these subparagraphs contain the full contents of the Narrative/Supplemental.  Except as expressly admitted, Keene denies each and every remaining allegation in Paragraph 39 of the Complaint.

40.     Keene admits, upon information and belief, that Officer Tolen prepared a Narrative/Supplemental that was included with the Arrest-Investigation Report prepared by Keene concerning the incident with Plaintiff on May 29, 2014. Keene also admits that: (1) Officer Tolen gave Plaintiff a lawful order to stand up, turn around, and put his hands behind him in order to detain Plaintiff for a mental evaluation pursuant to California Welfare and Institutions Code section 5150, (2) Plaintiff was inappropriately attired, and (3) when Officer Tolen and I began to detain and handcuff Plaintiff, Plaintiff physically resisted, moved his arms and hand in front of his torso, tensed up, and Plaintiff had to be told by Officer Tolen that they were there to help him and not hurt him before Plaintiff permitted himself to be handcuffed behind his back.  Keene affirmatively asserts that although subparagraphs a. to m. are substantially similar to the contents of the Narrative/Supplemental, they do not fully and completely quote those contents nor do these subparagraphs contain the full contents of the Narrative/Supplemental. Keene also specifically denies that subparagraphs f. and h. are false.  Keene is without sufficient knowledge or information to enable him to answer as to the truth of the remainder of the allegations contained in Paragraph 40 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

41.     Keene admits that when he and Officer Tolen arrived at the parking lot, Officer Tolen spoke with Sergeant Waughan, LaSota, a deputy from the Los

Angeles County Sheriff's Department, and another employee of the Medical Board before requesting that Plaintiff stand up and turn around to be handcuffed.  Except as expressly admitted, Keene denies each and every remaining allegation in Paragraph 41 of the Complaint.

42.     Keene denies the allegations in Paragraph 42 of the Complaint.

43.     Keene is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 43 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.  However, Keene denies that any documents prepared or filled out by him was provided to College Hospital of Cerritos.

44.     Keene admits that he was told by Officer Tolen that LaSota said some words to the effect that Plaintiff stated, "I am going to come with nothing but the gun God gave me."  Keene is without sufficient knowledge or information to enable him to answer as to the truth of the remainder of the allegations contained in Paragraph 44 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

45.     Keene admits that he testified under oath in March 2016 during an administrative hearing being prosecuted by the Medical Board of California against Plaintiff in Los Angeles, California.  Upon information and belief, Keene also admits that Sergeant Waughan, Officer Tolen, and LaSota testified during the same administrative hearing in March 2016.  Except as expressly admitted, Keene denies each and every remaining allegation in Paragraph 45 of the Complaint.

<u>FIRST CLAIM</u>

46.     Keene incorporates by reference his answers to Paragraphs 1 through 45 of Plaintiff's Complaint.  Except as expressly admitted, Keene denies the allegations in Paragraph 46 of the Complaint.

47.     Keene admits that at all times mentioned in Plaintiff's Complaint he was an employee of the state of California, and, in that capacity, he acted under the

9

color of state law.  Keene also admits that Sergeant Waughan and Officer Tolen were employees of the State of California at all times mentioned in Plaintiff's Complaint, and, in that capacity, they acted under the color of state law.  Upon information and belief, Keene admits that at all times mentioned in Plaintiff's Complaint, LaSota was an employee of the State of California, and, in that capacity, she acted under the color of state law.  Except as expressly admitted, Keene denies the remainder of the allegations in Paragraph 47 of the Complaint.

48.    Keene denies the allegations in Paragraph 48 of the Complaint.

49.    Keene denies the allegations in Paragraph 49 of the Complaint.

## SECOND CLAIM

50.    Keene incorporates by reference his answers to Paragraphs 1 through 49 of Plaintiff's Complaint.  Except as expressly admitted, Keene denies the allegations in Paragraph 50 of the Complaint.

51.    Keene denies the allegations in Paragraph 51 of the Complaint.

52.    Keene denies the allegations in Paragraph 52 of the Complaint.

## THIRD CLAIM

53.    Keene incorporates by reference his answers to Paragraphs 1 through 52 of Plaintiff's Complaint.  Except as expressly admitted, Keene denies the allegations in Paragraph 53 of the Complaint.

54.    Keene denies the allegations in Paragraph 54 of the Complaint.

55.    Keene denies the allegations in Paragraph 55 of the Complaint.

56.    Keene denies the allegations in Paragraph 56 of the Complaint.

## FOURTH CLAIM

57. to 61.    Keene asserts that this former cause of action was validly dismissed against him and, to the extent that Plaintiff voluntarily dismissed it against him, Plaintiff has waived any right to appeal the dismissal or deletion of this cause of action from Plaintiff's Complaint.

## FIFTH CLAIM

62.    Keene incorporates by reference his answers to Paragraphs 1 through 61 of Plaintiff's Complaint.  Except as expressly admitted, Keene denies the allegations in Paragraph 62 of the Complaint.

63.    Keene admits that at all times mentioned in Plaintiff's Complaint he was an employee of the state of California, and, in that capacity, he acted under the color of state law.  Keene also admits that Sergeant Waughan and Officer Tolen were employees of the State of California at all times mentioned in Plaintiff's Complaint, and, in that capacity, they acted under the color of state law.  Upon information and belief, Keene admits that at all times mentioned in Plaintiff's Complaint, LaSota was an employee of the State of California, and, in that capacity, she acted under the color of state law.  Except as expressly admitted, Keene denies the remainder of the allegations in Paragraph 63 of the Complaint.

64.    Keene denies the allegations in Paragraph 64 of the Complaint.

## SIXTH CLAIM

65.    Keene incorporates by reference his answers to Paragraphs 1 through 64 of Plaintiff's Complaint.  Except as expressly admitted, Keene denies the allegations in Paragraph 65 of the Complaint.

66.    Keene admits that at all times mentioned in Plaintiff's Complaint he was an employee of the state of California, and, in that capacity, he acted under the color of state law.  Keene also admits that Sergeant Waughan and Officer Tolen were employees of the State of California at all times mentioned in Plaintiff's Complaint, and, in that capacity, they acted under the color of state law.  Upon information and belief, Keene admits that at all times mentioned in Plaintiff's Complaint, LaSota was an employee of the State of California, and, in that capacity, she acted under the color of state law.  Except as expressly admitted, Keene denies the remainder of the allegations in Paragraph 66 of the Complaint.

67.    Keene denies the allegations in Paragraph 67 of the Complaint.

11

<u>SEVENTH CLAIM</u>

68.     Keene incorporates by reference his answers to Paragraphs 1 through 67 of Plaintiff's Complaint.  Except as expressly admitted, Keene denies the allegations in Paragraph 68 of the Complaint.

69.     Keene admits that the statement was made that Plaintiff stated that he was "going to come with nothing but the gun God gave me" or similar words to the same effect.  Except as expressly admitted, Keene denies the remainder of the allegations in Paragraph 69 of the Complaint.

70.     Keene admits that at all times mentioned in Plaintiff's Complaint he was an employee of the state of California, and, in that capacity, he acted under the color of state law.  Keene also admits that Sergeant Waughan and Officer Keene were employees of the State of California at all times mentioned in Plaintiff's Complaint, and, in that capacity, they acted under the color of state law.  Upon information and belief, Keene admits that at all times mentioned in Plaintiff's Complaint, LaSota was an employee of the State of California, and, in that capacity, she acted under the color of state law.  Except as expressly admitted, Keene denies the remainder of the allegations in Paragraph 70 of the Complaint.

71.     Keene denies the allegations in Paragraph 71 of the Complaint.

<u>EIGHTH CLAIM</u>

72.     Keene incorporates by reference his answers to Paragraphs 1 through 71 of Plaintiff's Complaint.  Except as expressly admitted, Keene denies the allegations in Paragraph 72 of the Complaint.

73.     Keene admits that at all times mentioned in Plaintiff's Complaint he was an employee of the state of California, and, in that capacity, he acted under the color of state law.  Keene also admits that Sergeant Waughan and Officer Tolen were employees of the State of California at all times mentioned in Plaintiff's Complaint, and, in that capacity, they acted under the color of state law.  Upon information and belief, Keene admits that at all times mentioned in Plaintiff's

Complaint, LaSota was an employee of the State of California, and, in that capacity, she acted under the color of state law. Except as expressly admitted, Keene denies the remainder of the allegations in Paragraph 73 of the Complaint.

74. Keene denies the allegations in Paragraph 74 of the Complaint.

<u>CONCLUSION</u>

75. Keene denies the allegations in Paragraph 75 of the Complaint.

PRAYER

1. Keene denies that Plaintiff is entitled to the relief he requests in Paragraph 1.

2. Keene denies that Plaintiff is entitled to the relief he requests in Paragraph 2.

3. Keene denies that Plaintiff is entitled to the relief he requests in Paragraph 3.

4. Keene denies that Plaintiff is entitled to the relief he requests in Paragraph 4.

5. Keene denies that Plaintiff is entitled to the relief he requests in Paragraph 5.

6. Keene denies that Plaintiff is entitled to the relief he requests in Paragraph 6.

**AFFIRMATIVE DEFENSES**

AS SEPARATE AND AFFIRMATIVE DEFENSES, CHP Officer Keene alleges as follows:

<u>AFFIRMATIVE DEFENSE NO. 1</u>

(Failure to State Sufficient Facts to State a Cause of Action)

The Complaint and each cause of action therein fail to state facts sufficient to

13

constitute a cause of action upon which relief may be granted against Keene.

## AFFIRMATIVE DEFENSE NO. 2

### (Qualified Immunity)

To the extent Keene is charged with exercising the enforcement and regulatory power of the state, under the color of law, he is entitled to qualified immunity from any liability.  Keene acted at all times herein relevant, with good faith or due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  In addition, or alternately, at all times relevant, Keene acted in good faith and entertained an honest, reasonable belief that his actions were in accord with clearly established law, statutory or constitutional rights, including California law, of which a responsible person would have known.

## AFFIRMATIVE DEFENSE NO. 3

### (Comparative Fault)

Any and all alleged happenings and events, damages and injuries, if there were any, were proximately caused and contributed to by the acts or omissions of Plaintiff or others, each and all of whom failed to exercise ordinary care in their own behalf at all times and places alleged in the Complaint. Should Plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the fault or negligence of any other person or entity caused or contributed to damages, if any there were.

## AFFIRMATIVE DEFENSE NO. 4

### (Estoppel)

The conduct of Plaintiff estops him from asserting any or some of the claims for relief alleged in his Complaint against Keene, respecting the matters that are the subject of his Complaint, by virtue of his own conduct, representations, knowledge, and omissions, or by the conduct, representations, knowledge, and omissions of others whose conduct is chargeable to Plaintiff.

## AFFIRMATIVE DEFENSE NO. 5

### (Probable or Reasonable Cause)

The detention or arrest alleged in Plaintiff's Complaint was regular and lawful and made in good faith by a peace officer or peace officers acting within the course and scope of authority and with probable or reasonable cause to believe at the time that such action was lawful.

## AFFIRMATIVE DEFENSE NO. 6

### (Proximate Causation)

Keene was not the actual or proximate cause of any alleged injury or damages to Plaintiff.  To the extent that Plaintiff suffered any injury or damages, it was the result of the negligent or deliberate acts of Plaintiff or others.

## AFFIRMATIVE DEFENSE NO. 7

### (Failure to Allege a Conspiracy)

Plaintiff has failed to allege facts sufficient to demonstrate a conspiracy by the defendants to deprive him of his civil rights.  Moreover, Plaintiff has failed to allege facts showing that more than one party, as that term is used in the law of conspiracy, conspired for each of the cause of action alleged in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSE NO. 8

### (Lack of Duty)

Keene did not owe any duty of care to Plaintiff, and neither stood or stands in such a special relationship to Plaintiff so as to give rise to any duty running to Plaintiff.

## AFFIRMATIVE DEFENSE NO. 9

### (No Imputed or Respondeat Superior Liability)

There is no imputed liability between public officers and/or employees in actions under the Federal Civil Rights Act, including no imputed liability for any other public employee's allegedly unconstitutional acts or omissions.  Keene is not

liable under federal or state law for any injury caused by any unconstitutional or tortious acts or omissions of any subordinate or other public employee.

## AFFIRMATIVE DEFENSE NO. 10

### (Testimonial Absolute Immunity)

Keene is absolutely immune for any liability under the Federal Civil Rights Act arising from his testimony in any administrative or judicial proceeding, regardless of whether the testimony was true, false, or perjured, based on *Briscoe v. LaHue*, 460 U.S. 325, 326, 341-46 (1983), and its progeny.

## AFFIRMATIVE DEFENSE NO. 11

### (Claims Variance)

If and to the extent that the allegations of Plaintiff's Complaint attempt to enlarge upon the facts and contentions set forth in his Victim Compensation and Government Claims Board claim, Plaintiff's Complaint fails to state a cause of action and is barred by California Government Code sections 905.2, 911.2, 945.4, or 950.2.

## AFFIRMATIVE DEFENSE NO. 12

### (Failure to Mitigate)

If Plaintiff has suffered any damages as a result of the facts alleged in his Complaint and in this action, which Keene denies, Plaintiff is not entitled to recover some or all of his alleged damages, due to his failure to take reasonable, necessary, appropriate and/or feasible steps to mitigate or minimize his alleged injury or damages.

## AFFIRMATIVE DEFENSE NO. 13

### (Failure to State Claim for Punitive Damages)

The Complaint and each cause of action therein fail to allege facts sufficient to state a claim for punitive or exemplary damages.  Keene did not act with malicious intent, fraud, or reckless disregard to deprive Plaintiff of any constitutional right or to cause any other injury to Plaintiff, and, therefore, Keene is

16

1  not liable for punitive damages.

2  <u>AFFIRMATIVE DEFENSE NO. 14</u>

3  (Constitutional Defenses to Punitive Damages, As Applied)

4  Any award for punitive damages herein would result in a deprivation of

5  rights under the Constitution of the United States in that:

6  A.   The statutes and laws purporting to prescribe criteria for an award for

7  punitive damages are vague in that they are not sufficiently specific to know what

8  conduct will subject one to such penalty;

9  B.   Any award of punitive damages herein would violate the due process

10  clauses of the Constitution of the United States in that the standards for setting such

11  damages are void for vagueness and there is no objective standard for limiting the

12  amount of punitive damages;

13  C.   Such award for punitive damages would violate the equal protection

14  clauses of the Constitution of the United States in that it would encourage

15  disproportionate punishment without a rational basis and amount to an arbitrary

16  classification;

17  D.   Keene would be deprived in other ways of the right to due process; or

18  E.   Such award was excessive in nature or amount.

19  As a result, any award of punitive herein should be reduced as excessive or

20  not allowed.

21  <u>AFFIRMATIVE DEFENSE NO. 15</u>

22  (Frivolous Complaint)

23  Plaintiff's Complaint and its causes of action against Keene, considered

24  separately or as a whole, are frivolous, unreasonable, or without foundation.

25  Therefore, attorneys' fees should be awarded to Keene.

26  <u>AFFIRMATIVE DEFENSE NO. 16</u>

27  (Immunity)

28  There is no liability under state law for injury or damages to Plaintiff, if any

17

1  occurred, caused by the instituting or prosecuting of any judicial or administrative

2  proceeding.  (Cal. Gov. Code, §§ 820.2, 821.6.)

3  AFFIRMATIVE DEFENSE NO. 17

4  (Immunity)

5  Individuals authorized to detain a person for 72-hour treatment and

6  evaluation pursuant to California Welfare and Institutions Code section 5150 shall

7  not be held civilly liable for exercising this authority in accordance with the law.

8  There is no liability under state law for injury or damages to Plaintiff, if any

9  occurred, caused by the instituting or prosecuting of any judicial or administrative

10  proceeding.  (Cal. Welf. & Inst. Code, § 5278.)

11  AFFIRMATIVE DEFENSE NO. 18

12  (Immunity)

13  There is no liability or any injury or damages, if there were any, resulting

14  from making or failing to make any, or an adequate, physical or mental examination

15  or for diagnosing or failing to diagnose or for prescribing for any mental illness.

16  (Cal. Gov. Code, §§ 855.6, 855.8.)

17  AFFIRMATIVE DEFENSE NO. 19

18  (Immunity)

19  There is no liability or any injury or damages, if there were any, resulting

20  from a determination to confine or to place terms and conditions on confinement for

21  mental illness.  (Cal. Gov. Code, § 856.)

22  AFFIRMATIVE DEFENSE NO. 20

23  (Truth)

24  The statements allegedly made by Keene in Plaintiff's Complaint were not

25  false.  To the contrary, they were substantially truthful, if they were made at all, and

26  any statements which were not substantially truthful were made by others.

27  ///

28  ///

18

<u>AFFIRMATIVE DEFENSE NO. 21</u>

(Special Damages)

To the extent that Plaintiff seeks special damages in his Complaint, particularly due to his failure to allege facts sufficient to allege defamation per se, he has failed to allege special damages with sufficient specificity, and lacks sufficient basis for their recovery.  (Cal. Civ. Code, § 45a.)

<u>AFFIRMATIVE DEFENSE NO. 22</u>

(Lack of Knowledge)

Keene did not know, and in the exercise of reasonable care could not have known, of the purported falsity of the statements or representations alleged in Plaintiff's Complaint.

<u>AFFIRMATIVE DEFENSE NO. 23</u>

(Privilege)

The statements alleged in Plaintiff's Complaint are privileged because they were made, to the extent that they were made at all, in the proper discharge of an official duty, or in the initiation or course of a proceeding authorized by law.  (Cal. Civ. Code, § 47.)

<u>AFFIRMATIVE DEFENSE NO. 24</u>

(Law Enforcement Proceeding Privilege)

The statements alleged in Plaintiff's Complaint are privileged because they were made, if they were made at all, in a judicial or other official proceeding authorized by law or in the initiation or course of a proceeding authorized by law, including, but not limited to, communication with law enforcement agencies for the purposes of a detention or arrest.  (Cal. Civ. Code, § 47, subd. (b); *Hagberg v. California Federal Bank* (2004) 32 Cal. 4th 350.)

<u>AFFIRMATIVE DEFENSE NO. 25</u>

(Lack of Malice)

The defamatory statements alleged in Plaintiff's Complaint were made, to the

19

extent that they were made, without malice to persons who were interested in the subject matter of the alleged communications.  Keene was also interested in the subject matter of the alleged communications as to afford a reasonable ground for supposing the motive for the communication to be innocent or was requested by a person interested to give the information.  (Cal. Civ. Code, § 47, subd. (c).)

AFFIRMATIVE DEFENSE NO. 26

(Publication Privilege)

The statements alleged in Plaintiff's Complaint are privileged because they were made, to the extent that they were made at all, as a fair and true report in a public journal of a judicial or other official public proceeding of anything said in the course thereof, or of a verified charge or complaint to a public official upon which a warrant issued.  (Cal. Civ. Code, § 47, subd. (d).)

AFFIRMATIVE DEFENSE NO. 27

(Lawful Detention)

To the extent that any person was restrained or restricted in any way in the incident alleged in the Complaint, such restraint and restriction was a lawful detention rather than an arrest.

AFFIRMATIVE DEFENSE NO. 28

(Immunity)

At the times and place alleged in the Complaint, Keene was a peace officer in the course and scope of employment.  At all relevant times, Keene had reasonable cause to believe that Plaintiff had committed a public offense or a violation of state law in an officer's presence, and so believing, exercised the power, and discharged the duty, of lawful detention or arrest.  Thus, he is immune from civil liability under state law.  (Cal. Penal Code, §§ 836.5, 847.)

AFFIRMATIVE DEFENSE NO. 29

(Privilege)

To the extent that any force was used in making the arrest or detention

20

1  alleged in the complaint, it was privileged as necessary to effect an arrest or to

2  overcome resistance.

3  <u>AFFIRMATIVE DEFENSE NO. 30</u>

4  (Resistance to Arrest)

5  Only reasonable force and restraint were used in the incident alleged in

6  Plaintiff's Complaint.  Plaintiff knew or should have known that an arrest or

7  detention was being made by peace officers and had a duty to obey the officers'

8  orders and refrain from using force or any weapon to resist any such arrest or

9  detention, and was in violation of California Penal Code sections 148 or 834a in

10  failing to refrain from assaulting, threatening, obstructing, or resisting peace

11  officers.

12

13

14  WHEREFORE, Keene prays that:

15  1.  Judgment be rendered in favor of Keene and against Plaintiff;

16  2.  Plaintiff takes nothing by his Complaint;

17  3.  Keene be awarded attorneys' fees and costs of suit incurred herein; and

18  4.  Keene be awarded such other and further relief as the Court may deem

19  necessary and proper.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

21

## **DEMAND FOR A JURY TRIAL**

Defendant CHP Officer Keene demands, pursuant to Federal Rule of Civil Procedure 38, that the above-entitled matter and all triable issues be tried by and before a jury to the extent provided for and allowed by law.


Dated:  September 20, 2016        Respectfully submitted,

KAMALA D. HARRIS
Attorney General of the State of California
ELIZABETH S. ANGRES
Supervising Deputy Attorney General

By:        /s/ Gary Ostrick
GARY OSTRICK
Deputy Attorney General
Attorneys for Defendants Rachel LaSota, CHP Officer Keene, CHP Officer Tolen, and CHP Sergeant Waughan

DEFENDANT CHP OFFICER KEENE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT   (Case No. CV 15-03335 DDP (KLS))

## CERTIFICATE OF SERVICE

Case
Name:  **Robert S. Markman v.
Rachel LaSota, et al.**  No.  **2:15-cv-03335-DDP-KLS**

I hereby certify that on September 20, 2016, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT CHP OFFICER KEENE'S (ERRONEOUSLY NAMED AS KEANE) ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, and am a member of the California State Bar.  I am 18 years of age or older and not a party to this matter.

I further certify that some of the participants in the case are not registered CM/ECF users.  On September 20, 2016, I caused this document to be mailed by depositing a true copy thereof enclosed in a sealed envelope at a United States post office for collection, to the following non-CM/ECF participants:


Robert S. Markman
18554 Frankfort Street
Northridge, CA  91324


I declare under penalty of perjury under the laws of the United States the foregoing is true and correct and that this declaration was executed on September 20, 2016, at Los Angeles, California.


| Gary Ostrick | /s/ Gary Ostrick |
|:---:|:---:|
| Declarant | Signature |