1   KAMALA D. HARRIS
    Attorney General of California
2   ELIZABETH S. ANGRES
    Supervising Deputy Attorney General
3   GARY OSTRICK
    Deputy Attorney General
4   State Bar No. 211031
      300 South Spring Street, Suite 1702
5     Los Angeles, CA  90013
      Telephone:  (213) 897-8055
6     Fax:  (213) 897-2810
      E-mail:  Gary.Ostrick@doj.ca.gov
7
    Attorneys for Defendants Rachel LaSota,
8   CHP Officer Keene, CHP Officer Tolen, and
    CHP Sergeant Waughan
9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13   ROBERT S. MARKMAN,                  Case No. CV 15-03335 DDP (KLS)

14                        Plaintiff,     **DEFENDANT SERGEANT
                                         WAUGHAN'S ANSWER TO
15          v.                           PLAINTIFF'S SECOND AMENDED
                                         COMPLAINT**
16   RACHEL LASOTA, et al.,
                                         **DEMAND FOR JURY TRIAL**
17                        Defendants.

18                                       Judge:     Dean D. Pregerson
                                         Courtroom:  3
19

20                                       Trial Date       Not set yet
                                         Action Filed:    May 4, 2015
21

22

23

24

25

26

27

28

Defendant Sergeant Waughan hereby answers, admits, denies, and alleges in response to the Second Amended Complaint (Complaint) of Plaintiff Robert S. Markman (Plaintiff), and asserts his affirmative defenses against Plaintiff as follows:

## I.

## JURISDICTION AND VENUE

1.     This allegation is not a factual allegation requiring a response under Federal Rule of Civil Procedure 8.  Nevertheless, Waughan denies that he violated Plaintiff's constitutional rights or deprived him of his constitutional rights under Title 42, United States Code section 1983 (Section 1983).

2.     Waughan admits the allegations in Paragraph 2 of the Complaint.

## II.

## GOVERNMENT CLAIMS ACT

3.     Waughan admits that Plaintiff filed a Government Claim Form dated October 23, 2014, and it was designated as Claim No. G621129 by the Government Claims Program.  Waughan also admits that Plaintiff's Government Claim lists him as a person against whom the claim was filed, and that Plaintiff's Government Claim was rejected on January 15, 2015.  Except as expressly admitted, Waughan denies each and every remaining allegation in Paragraph 3 of the Complaint.

## III.

## PARTIES

4.     Waughan admits, upon information and belief, the allegations in Paragraph 4 of the Complaint.

5.     Waughan admits that Plaintiff has sued Rachel LaSota in her individual capacity.  Waughan also admits, upon information and belief, that LaSota was an employee of the State of California at all times mentioned in Plaintiff's Complaint, and, in that capacity, she acted under the color of state law. Waughan is without sufficient knowledge or information to enable him to answer as

1

to the truth of the remainder of the allegations contained in Paragraph 5 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

6.     Waughan admits that Plaintiff has sued Jeremy Tolen in his individual capacity.  Waughan also admits that Officer Tolen was an officer of the California Highway Patrol at all times mentioned in Plaintiff's Complaint, and, in that capacity, he acted under the color of state law.  Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the remainder of the allegations contained in Paragraph 6 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

7.     Waughan admits that Plaintiff has sued D. Keene in his individual capacity, and that Officer Keene is incorrectly named in the caption of Plaintiff's Complaint as Officer Keane.  Waughan also admits that Officer Keene was an officer of the California Highway Patrol at all times mentioned in Plaintiff's Complaint, and, in that capacity, he acted under the color of state law.  Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the remainder of the allegations contained in Paragraph 7 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

8.     Sergeant Waughan admits that at all times mentioned in Plaintiff's Complaint he was an office of the California Highway Patrol, and, in that capacity, he acted under the color of state law.  He further admits that Plaintiff's Complaint states that he is being sued in his individual capacity.  Except as expressly admitted, Waughan denies each and every remaining allegation in Paragraph 8 of the Complaint.

9.     Waughan denies the allegations in Paragraph 9 of the Complaint.

IV.

INTRODUCTION

10.     This allegation is not a factual allegation requiring a response under Federal Rule of Civil Procedure 8.  Nevertheless, Waughan denies the allegations in Paragraph 10 of the Complaint and denies that Plaintiff is entitled to any compensation.

V.

FACTUAL ALLEGATIONS

11.     Waughan admits, upon information and belief, that Plaintiff was a medical doctor licensed to practice medicine in the State of California at the time that he filed his Complaint.  Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the remainder of the allegations contained in Paragraph 11 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

12.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 12 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

13.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 13 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

14.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 14 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

15.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 15 of the

3

Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

16.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 16 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

17.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 17 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

18.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

19.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

20. to 24.     There are no paragraphs 20 to 24 in Plaintiff's Complaint.

25.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 25 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

26.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 26 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

27.     Waughan is without sufficient knowledge or information to enable him

to answer as to the truth of the allegations contained in Paragraph 27 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

28.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 28 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

29.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 29 of the Complaint that relate to events that occurred prior to Waughan's initial encounter with Plaintiff on May 29, 2014.  Waughan also admits: (1) Plaintiff was wearing his boxer briefs when Waughan initially encountered him, (2) he detained Plaintiff in the parking lot pending the arrival of other law enforcement officers, including Officers Keene and Tolen, (3) Plaintiff sat down on the curb for part of the time in the parking lot, (4) that Plaintiff tried to explain why he thought his attire was appropriate, and (5) Plaintiff told Waughan about his shoulder injury and the bruise on his shoulder.  Except as to those allegations expressly admitted or those events that occurred prior to Waughan's initial encounter with Plaintiff on May 29, 2014, Waughan denies each and every remaining allegation in Paragraph 29 of the Complaint.

30.     Waughan admits that while he was in the parking lot with Plaintiff, he was joined by members of the Medical Board, including LaSota.  Waughan admits that they were also joined by Officers Keene and Tolen and that they spoke with LaSota.  Waughan further admits that Plaintiff was handcuffed by Officers Keene and Tolen and placed in a patrol vehicle.  Waughan admits, upon information and belief, that LaSota was a current Medical Board probation supervisor, but is without sufficient knowledge or information to enable him to answer as to the truth of the allegation that LaSota was a former or current peace officer, and on that ground

denies this allegation.  Waughan also admits that two people walked over to Plaintiff's car and opened a door, but denies that they searched it.  Except as expressly admitted, Waughan denies the allegations in Paragraph 30 of the Complaint.

31.     Waughan admits that Officer Tolen spoke with LaSota and that Officers Keene and Tolen took Plaintiff to College Hospital of Cerritos.  Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the remainder of the allegations contained in Paragraph 31 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

32.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 32 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

33.     Waughan admits that Officers Keene and Tolen handcuffed Plaintiff behind his back as a method to accommodate Plaintiff's shoulder injury.  Waughan also admits that Plaintiff was not cooperating with the placement of his arms behind his back and had to be told by the officers that he might have to be tased.  Except as expressly admitted, Waughan denies each and every remaining allegation in Paragraph 33 of the Complaint.

34.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 34 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

35.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 35 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

36.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 36 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

37.     Waughan admits that he detained Plaintiff.  Waughan affirmatively asserts that he had probable cause or reasonable suspicion to detained Plaintiff who had come to the Medical Board of California's office wearing only his underwear. Except as expressly admitted, Waughan denies the allegations in Paragraph 37 of the Complaint.

38.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 38 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

39.     Waughan admits that he contacted Officers Tolen and Keene at approximately 10:55 a.m. on May 29, 2014, regarding a doctor who had showed up at the Medical Board of California's office in Cerritos wearing only his underwear. Waughan also admits that: (1) Plaintiff was contacted by Officer Tolen while Plaintiff was at the curb edge in the parking lot, (2) Officer Tolen gave Plaintiff a lawful order to stand up for handcuffing, and (3) Plaintiff was told by Waughan and/or Tolen that they were there to help him, not hurt him, or similar words to the same effect.  Waughan further admits that a Narrative/Supplemental signed by Officer D. Keene was prepared regarding the events of May 29, 2014, relating to Plaintiff.  However, Waughan affirmatively asserts that although subparagraphs a. to h. are substantially similar to the contents of the Narrative/Supplemental, they do not fully and completely quote those contents nor do these subparagraphs contain the full contents of the Narrative/Supplemental.  Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the remainder of the allegations contained in Paragraph 39 of the Complaint, and on that ground

1    denies each and every allegation in that paragraph of the Complaint not expressly

2    admitted.

3          40.    Waughan admits that he contacted Officers Tolen and Keene at

4    approximately 10:55 a.m. on May 29, 2014, regarding a doctor who had showed up

5    at the Medical Board of California's office in Cerritos wearing only his underwear.

6    Waughan also admits that: (1) Plaintiff's photo is posted in the Medical Board's

7    office to inform Medical Board employees not to permit Plaintiff to enter, (2)

8    Plaintiff was inappropriately attired, (3) Plaintiff was escorted out of building

9    where the Medical Board's office in Cerritos was located by building security, (4)

10   Officer Tolen gave Plaintiff a lawful order to stand up for handcuffing, (5) as

11   Officers Tolen and Keene began to detain Plaintiff, he physically resisted, and

12   moved his arms and hands in front of torso and tensed up, and (6) Plaintiff was told

13   by Waughan and/or Tolen that they were there to help him, not hurt him, or similar

14   words to the same effect.  Waughan further admits that a Narrative/Supplemental

15   signed by Officer Tolen was prepared as part of the Arrest-Investigation Report

16   regarding the events of May 29, 2014, relating to Plaintiff.  However, Waughan

17   affirmatively asserts that although subparagraphs a. to m. are substantially similar

18   to the contents of the Narrative/Supplemental, they do not fully and completely

19   quote those contents nor do these subparagraphs contain the full contents of the

20   Narrative/Supplemental.  Waughan is without sufficient knowledge or information

21   to enable him to answer as to the truth of the remainder of the allegations contained

22   in Paragraph 40 of the Complaint, and on that ground denies each and every

23   allegation in that paragraph of the Complaint not expressly admitted.

24         41.    Waughan is without sufficient knowledge or information to enable him

25   to answer as to whether Officer Tolen ever gave Plaintiff the information that

26   Plaintiff contends that he was legally required to give per Section 5150(g)(1).

27   Waughan denies the remainder of the allegations in Paragraph 41 of the Complaint.

28         42.    Waughan is without sufficient knowledge or information to enable him

DEFENDANT SERGEANT WAUGHAN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
(Case No. CV 15-03335 DDP (KLS))

to answer as to the truth of the allegations contained in Paragraph 42 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

43.     Waughan is without sufficient knowledge or information to enable him to answer as to the truth of the allegations contained in Paragraph 43 of the Complaint, and on that ground denies each and every allegation in that paragraph of the Complaint not expressly admitted.

44.     Waughan admits that he was told some words to the effect that Plaintiff said he was coming to the Medical Board's office with only what God gave him.  Waughan is without sufficient knowledge or information to enable him to answer as to the truth of Plaintiff's allegation that LaSota fabricated this statement alleged in Paragraph 44 of the Complaint, and on that ground denies this allegation in Paragraph 44 of the Complaint.  Except as expressly admitted, Waughan denies the remainder of the allegations in Paragraph 44 of the Complaint.

45.     Waughan admits that he testified under oath in March 2016 during an administrative hearing being prosecuted by the Medical Board of California against Plaintiff in Los Angeles, California.  Upon information and belief, Waughan also admits that Officer Tolen, Officer Keene, and LaSota testified during the same administrative hearing in March 2016.  Except as expressly admitted, Waughan denies each and every remaining allegation in Paragraph 45 of the Complaint.

FIRST CLAIM

46.     Waughan incorporates by reference his answers to Paragraphs 1 through 45 of Plaintiff's Complaint.  Except as expressly admitted, Waughan denies the allegations in Paragraph 46 of the Complaint.

47.     Waughan admits that at all times mentioned in Plaintiff's Complaint he was an employee of the state of California, and, in that capacity, he acted under the color of state law.  Waughan also admits that Officer Tolen and Officer Keene were employees of the State of California at all times mentioned in Plaintiff's

9

Complaint, and, in that capacity, they acted under the color of state law.  Upon information and belief, Waughan admits that at all times mentioned in Plaintiff's Complaint, LaSota was an employee of the State of California, and, in that capacity, she acted under the color of state law.  Except as expressly admitted, Waughan denies the remainder of the allegations in Paragraph 47 of the Complaint.

48.   Waughan denies the allegations in Paragraph 48 of the Complaint.

49.   Waughan denies the allegations in Paragraph 49 of the Complaint.

SECOND CLAIM

50.   Waughan incorporates by reference his answers to Paragraphs 1 through 49 of Plaintiff's Complaint.  Except as expressly admitted, Waughan denies the allegations in Paragraph 50 of the Complaint.

51.   Waughan denies the allegations in Paragraph 51 of the Complaint.

52.   Waughan denies the allegations in Paragraph 52 of the Complaint.

THIRD CLAIM

53.   Waughan incorporates by reference his answers to Paragraphs 1 through 52 of Plaintiff's Complaint.  Except as expressly admitted, Waughan denies the allegations in Paragraph 53 of the Complaint.

54.   Waughan denies the allegations in Paragraph 54 of the Complaint.

55.   Waughan denies the allegations in Paragraph 55 of the Complaint.

56.   Waughan denies the allegations in Paragraph 56 of the Complaint.

FOURTH CLAIM

57. to 61.   Waughan asserts that this former cause of action was validly dismissed against him and, to the extent that Plaintiff voluntarily dismissed it against him, Plaintiff has waived any right to appeal the dismissal or deletion of this cause of action from Plaintiff's Complaint.

FIFTH CLAIM

62.   Waughan incorporates by reference his answers to Paragraphs 1 through 61 of Plaintiff's Complaint.  Except as expressly admitted, Waughan

1    denies the allegations in Paragraph 62 of the Complaint.

2          63.    Waughan admits that at all times mentioned in Plaintiff's Complaint

3    he was an employee of the state of California, and, in that capacity, he acted under

4    the color of state law.  Waughan also admits that Officer Tolen and Officer Keene

5    were employees of the State of California at all times mentioned in Plaintiff's

6    Complaint, and, in that capacity, they acted under the color of state law.  Upon

7    information and belief, Waughan admits that at all times mentioned in Plaintiff's

8    Complaint, LaSota was an employee of the State of California, and, in that capacity,

9    she acted under the color of state law.  Except as expressly admitted, Waughan

10   denies the remainder of the allegations in Paragraph 63 of the Complaint.

11         64.    Waughan denies the allegations in Paragraph 64 of the Complaint.

12                                SIXTH CLAIM

13         65.    Waughan incorporates by reference his answers to Paragraphs 1

14   through 64 of Plaintiff's Complaint.  Except as expressly admitted, Waughan

15   denies the allegations in Paragraph 65 of the Complaint.

16         66.    Waughan admits that at all times mentioned in Plaintiff's Complaint

17   he was an employee of the state of California, and, in that capacity, he acted under

18   the color of state law.  Waughan also admits that Officer Tolen and Officer Keene

19   were employees of the State of California at all times mentioned in Plaintiff's

20   Complaint, and, in that capacity, they acted under the color of state law.  Upon

21   information and belief, Waughan admits that at all times mentioned in Plaintiff's

22   Complaint, LaSota was an employee of the State of California, and, in that capacity,

23   she acted under the color of state law.  Except as expressly admitted, Waughan

24   denies the remainder of the allegations in Paragraph 66 of the Complaint.

25         67.    Waughan denies the allegations in Paragraph 67 of the Complaint.

26                              SEVENTH CLAIM

27         68.    Waughan incorporates by reference his answers to Paragraphs 1

28   through 67 of Plaintiff's Complaint.  Except as expressly admitted, Waughan

                                          11
_____
DEFENDANT SERGEANT WAUGHAN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
                                          (Case No. CV 15-03335 DDP (KLS))

denies the allegations in Paragraph 68 of the Complaint.

69.   Waughan denies the allegations in Paragraph 69 of the Complaint.

70.   Waughan admits that at all times mentioned in Plaintiff's Complaint he was an employee of the state of California, and, in that capacity, he acted under the color of state law.  Waughan also admits that Officer Tolen and Officer Keene were employees of the State of California at all times mentioned in Plaintiff's Complaint, and, in that capacity, they acted under the color of state law.  Upon information and belief, Waughan admits that at all times mentioned in Plaintiff's Complaint, LaSota was an employee of the State of California, and, in that capacity, she acted under the color of state law.  Except as expressly admitted, Waughan denies the remainder of the allegations in Paragraph 70 of the Complaint.

71.   Waughan denies the allegations in Paragraph 71 of the Complaint.

EIGHTH CLAIM

72.   Waughan incorporates by reference his answers to Paragraphs 1 through 71 of Plaintiff's Complaint.  Except as expressly admitted, Waughan denies the allegations in Paragraph 72 of the Complaint.

73.   Waughan admits that at all times mentioned in Plaintiff's Complaint he was an employee of the state of California, and, in that capacity, he acted under the color of state law.  Waughan also admits that Officer Tolen and Officer Keene were employees of the State of California at all times mentioned in Plaintiff's Complaint, and, in that capacity, they acted under the color of state law.  Upon information and belief, Waughan admits that at all times mentioned in Plaintiff's Complaint, LaSota was an employee of the State of California, and, in that capacity, she acted under the color of state law.  Except as expressly admitted, Waughan denies the remainder of the allegations in Paragraph 73 of the Complaint.

74.   Waughan denies the allegations in Paragraph 74 of the Complaint.

CONCLUSION

75.   Waughan denies the allegations in Paragraph 75 of the Complaint.

1

2                                  PRAYER

3        1.      Waughan denies that Plaintiff is entitled to the relief he requests in

4   Paragraph 1.

5        2.      Waughan denies that Plaintiff is entitled to the relief he requests in

6   Paragraph 2.

7        3.      Waughan denies that Plaintiff is entitled to the relief he requests in

8   Paragraph 3.

9        4.      Waughan denies that Plaintiff is entitled to the relief he requests in

10  Paragraph 4.

11       5.      Waughan denies that Plaintiff is entitled to the relief he requests in

12  Paragraph 5.

13       6.      Waughan denies that Plaintiff is entitled to the relief he requests in

14  Paragraph 6.

15

16                          **AFFIRMATIVE DEFENSES**

17       AS SEPARATE AND AFFIRMATIVE DEFENSES, Sergeant Waughan

18  alleges as follows:

19

20                    AFFIRMATIVE DEFENSE NO. 1

21            (Failure to State Sufficient Facts to State a Cause of Action)

22       The Complaint and each cause of action therein fail to state facts sufficient to

23  constitute a cause of action upon which relief may be granted against Waughan.

24                    AFFIRMATIVE DEFENSE NO. 2

25                          (Qualified Immunity)

26       To the extent Waughan is charged with exercising the enforcement and

27  regulatory power of the state, under the color of law, he is entitled to qualified

28  immunity from any liability.  Waughan acted at all times herein relevant, with good

13

faith or due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  In addition, or alternately, at all times relevant, Waughan acted in good faith and entertained an honest, reasonable belief that his actions were in accord with clearly established law, statutory or constitutional rights, including California law, of which a responsible person would have known.

## AFFIRMATIVE DEFENSE NO. 3

### (Comparative Fault)

Any and all alleged happenings and events, damages and injuries, if there were any, were proximately caused and contributed to by the acts or omissions of Plaintiff or others, each and all of whom failed to exercise ordinary care in their own behalf at all times and places alleged in the Complaint. Should Plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the fault or negligence of any other person or entity caused or contributed to damages, if any there were.

## AFFIRMATIVE DEFENSE NO. 4

### (Estoppel)

The conduct of Plaintiff estops him from asserting any or some of the claims for relief alleged in his Complaint against Waughan, respecting the matters that are the subject of his Complaint, by virtue of his own conduct, representations, knowledge, and omissions, or by the conduct, representations, knowledge, and omissions of others whose conduct is chargeable to Plaintiff.

## AFFIRMATIVE DEFENSE NO. 5

### (Probable or Reasonable Cause)

The detention or arrest alleged in Plaintiff's Complaint was regular and lawful and made in good faith by a peace officer or peace officers acting within the course and scope of authority and with probable or reasonable cause to believe at the time that such action was lawful.

14

<u>AFFIRMATIVE DEFENSE NO. 6</u>

(Proximate Causation)

Waughan was not the actual or proximate cause of any alleged injury or damages to Plaintiff.  To the extent that Plaintiff suffered any injury or damages, it was the result of the negligent or deliberate acts of Plaintiff or others.

<u>AFFIRMATIVE DEFENSE NO. 7</u>

(Failure to Allege a Conspiracy)

Plaintiff has failed to allege facts sufficient to demonstrate a conspiracy by the defendants to deprive him of his civil rights.  Moreover, Plaintiff has failed to allege facts showing that more than one party, as that term is used in the law of conspiracy, conspired for each of the cause of action alleged in Plaintiff's Complaint.

<u>AFFIRMATIVE DEFENSE NO. 8</u>

(Lack of Duty)

Waughan did not owe any duty of care to Plaintiff, and neither stood or stands in such a special relationship to Plaintiff so as to give rise to any duty running to Plaintiff.

<u>AFFIRMATIVE DEFENSE NO. 9</u>

(No Imputed or Respondeat Superior Liability)

There is no imputed liability between public officers and/or employees in actions under the Federal Civil Rights Act, including no imputed liability for any other public employee's allegedly unconstitutional acts or omissions.  Waughan is not liable under federal or state law for any injury caused by any unconstitutional or tortious acts or omissions of any subordinate or other public employee.

<u>AFFIRMATIVE DEFENSE NO. 10</u>

(Testimonial Absolute Immunity)

Waughan is absolutely immune for any liability under the Federal Civil Rights Act arising from his testimony in any administrative or judicial proceeding,

15

regardless of whether the testimony was true, false, or perjured, based on *Briscoe v. LaHue*, 460 U.S. 325, 326, 341-46 (1983), and its progeny.

## AFFIRMATIVE DEFENSE NO. 11

### (Claims Variance)

If and to the extent that the allegations of Plaintiff's Complaint attempt to enlarge upon the facts and contentions set forth in his Victim Compensation and Government Claims Board claim, Plaintiff's Complaint fails to state a cause of action and is barred by California Government Code sections 905.2, 911.2, 945.4, or 950.2.

## AFFIRMATIVE DEFENSE NO. 12

### (Failure to Mitigate)

If Plaintiff has suffered any damages as a result of the facts alleged in his Complaint and in this action, which Waughan denies, Plaintiff is not entitled to recover some or all of his alleged damages, due to his failure to take reasonable, necessary, appropriate and/or feasible steps to mitigate or minimize his alleged injury or damages.

## AFFIRMATIVE DEFENSE NO. 13

### (Failure to State Claim for Punitive Damages)

The Complaint and each cause of action therein fail to allege facts sufficient to state a claim for punitive or exemplary damages.  Waughan did not act with malicious intent, fraud, or reckless disregard to deprive Plaintiff of any constitutional right or to cause any other injury to Plaintiff, and, therefore, Waughan is not liable for punitive damages.

## AFFIRMATIVE DEFENSE NO. 14

### (Constitutional Defenses to Punitive Damages, As Applied)

Any award for punitive damages herein would result in a deprivation of rights under the Constitution of the United States in that:

A.      The statutes and laws purporting to prescribe criteria for an award for

punitive damages are vague in that they are not sufficiently specific to know what conduct will subject one to such penalty;

B.     Any award of punitive damages herein would violate the due process clauses of the Constitution of the United States in that the standards for setting such damages are void for vagueness and there is no objective standard for limiting the amount of punitive damages;

C.     Such award for punitive damages would violate the equal protection clauses of the Constitution of the United States in that it would encourage disproportionate punishment without a rational basis and amount to an arbitrary classification;

D.     Waughan would be deprived in other ways of the right to due process; or

E.     Such award was excessive in nature or amount.

As a result, any award of punitive herein should be reduced as excessive or not allowed.

## AFFIRMATIVE DEFENSE NO. 15

### (Frivolous Complaint)

Plaintiff's Complaint and its causes of action against Waughan, considered separately or as a whole, are frivolous, unreasonable, or without foundation. Therefore, attorneys' fees should be awarded to Waughan.

## AFFIRMATIVE DEFENSE NO. 16

### (Immunity)

There is no liability under state law for injury or damages to Plaintiff, if any occurred, caused by the instituting or prosecuting of any judicial or administrative proceeding.  (Cal. Gov. Code, §§ 820.2, 821.6.)

## AFFIRMATIVE DEFENSE NO. 17

### (Immunity)

Individuals authorized to detain a person for 72-hour treatment and

17

evaluation pursuant to California Welfare and Institutions Code section 5150 shall not be held civilly liable for exercising this authority in accordance with the law. There is no liability under state law for injury or damages to Plaintiff, if any occurred, caused by the instituting or prosecuting of any judicial or administrative proceeding.  (Cal. Welf. & Inst. Code, § 5278.)

AFFIRMATIVE DEFENSE NO. 18

(Immunity)

There is no liability or any injury or damages, if there were any, resulting from making or failing to make any, or an adequate, physical or mental examination or for diagnosing or failing to diagnose or for prescribing for any mental illness. (Cal. Gov. Code, §§ 855.6, 855.8.)

AFFIRMATIVE DEFENSE NO. 19

(Immunity)

There is no liability or any injury or damages, if there were any, resulting from a determination to confine or to place terms and conditions on confinement for mental illness.  (Cal. Gov. Code, § 856.)

AFFIRMATIVE DEFENSE NO. 20

(Truth)

The statements allegedly made by Waughan in Plaintiff's Complaint were not false.  To the contrary, they were substantially truthful, if they were made at all, and any statements which were not substantially truthful were made by others.

AFFIRMATIVE DEFENSE NO. 21

(Special Damages)

To the extent that Plaintiff seeks special damages in his Complaint, particularly due to his failure to allege facts sufficient to allege defamation per se, he has failed to allege special damages with sufficient specificity, and lacks sufficient basis for their recovery.  (Cal. Civ. Code, § 45a.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## AFFIRMATIVE DEFENSE NO. 22

### (Lack of Knowledge)

Waughan did not know, and in the exercise of reasonable care could not have known, of the purported falsity of the statements or representations alleged in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSE NO. 23

### (Privilege)

The statements alleged in Plaintiff's Complaint are privileged because they were made, to the extent that they were made at all, in the proper discharge of an official duty, or in the initiation or course of a proceeding authorized by law.  (Cal. Civ. Code, § 47.)

## AFFIRMATIVE DEFENSE NO. 24

### (Law Enforcement Proceeding Privilege)

The statements alleged in Plaintiff's Complaint are privileged because they were made, if they were made at all, in a judicial or other official proceeding authorized by law or in the initiation or course of a proceeding authorized by law, including, but not limited to, communication with law enforcement agencies for the purposes of a detention or arrest.  (Cal. Civ. Code, § 47, subd. (b); *Hagberg v. California Federal Bank* (2004) 32 Cal. 4th 350.)

## AFFIRMATIVE DEFENSE NO. 25

### (Lack of Malice)

The defamatory statements alleged in Plaintiff's Complaint were made, to the extent that they were made, without malice to persons who were interested in the subject matter of the alleged communications.  Waughan was also interested in the subject matter of the alleged communications as to afford a reasonable ground for supposing the motive for the communication to be innocent or was requested by a person interested to give the information.  (Cal. Civ. Code, § 47, subd. (c).)

## AFFIRMATIVE DEFENSE NO. 26

### (Publication Privilege)

The statements alleged in Plaintiff's Complaint are privileged because they were made, to the extent that they were made at all, as a fair and true report in a public journal of a judicial or other official public proceeding of anything said in the course thereof, or of a verified charge or complaint to a public official upon which a warrant issued.  (Cal. Civ. Code, § 47, subd. (d).)

## AFFIRMATIVE DEFENSE NO. 27

### (Lawful Detention)

To the extent that any person was restrained or restricted in any way in the incident alleged in the Complaint, such restraint and restriction was a lawful detention rather than an arrest.

## AFFIRMATIVE DEFENSE NO. 28

### (Immunity)

At the times and place alleged in the Complaint, Waughan was a peace officer in the course and scope of employment.  At all relevant times, Waughan had reasonable cause to believe that Plaintiff had committed a public offense or a violation of state law in an officer's presence, and so believing, exercised the power, and discharged the duty, of lawful detention or arrest.  Thus, he is immune from civil liability under state law.  (Cal. Penal Code, §§ 836.5, 847.)

WHEREFORE, Waughan prays that:

1.     Judgment be rendered in favor of Waughan and against Plaintiff;

2.     Plaintiff takes nothing by his Complaint;

3.     Waughan be awarded attorneys' fees and costs of suit incurred herein; and

4.     Waughan be awarded such other and further relief as the Court may

20

1    deem necessary and proper.

2

3

4                    **DEMAND FOR A JURY TRIAL**

5        Defendant Sergeant Waughan demands, pursuant to Federal Rule of Civil

6    Procedure 38, that the above-entitled matter and all triable issues be tried by and

7    before a jury to the extent provided for and allowed by law.

8

9

10   Dated:  September 20, 2016     Respectfully submitted,

11                                  KAMALA D. HARRIS
                                      Attorney General of the State of California
                                    ELIZABETH S. ANGRES
12                                    Supervising Deputy Attorney General

13                                  By:       /s/ Gary Ostrick
                                    GARY OSTRICK
14                                    Deputy Attorney General
                                    Attorneys for Defendants Rachel LaSota, CHP
15                                  Officer Keene, CHP Officer Tolen, and CHP
                                    Sergeant Waughan

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       21
---
DEFENDANT SERGEANT WAUGHAN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
                                              (Case No. CV 15-03335 DDP (KLS))

# CERTIFICATE OF SERVICE

| Case Name: | **Robert S. Markman v. Rachel LaSota, et al.** | No. | **2:15-cv-03335-DDP-KLS** |
|---|---|---|---|

I hereby certify that on <u>September 20, 2016</u>, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT SERGEANT WAUGHAN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, and am a member of the California State Bar.  I am 18 years of age or older and not a party to this matter.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>September 20, 2016</u>, I caused this document to be mailed by depositing a true copy thereof enclosed in a sealed envelope at a United States post office for collection, to the following non-CM/ECF participants:

Robert S. Markman
18554 Frankfort Street
Northridge, CA  91324

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct and that this declaration was executed on <u>September 20, 2016</u>, at Los Angeles, California.

| Gary Ostrick | /s/ Gary Ostrick |
|---|---|
| Declarant | Signature |